UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                              Case No.: 8:11-CR-323-T-17TBM

BRIAN C. WEILER
_____/

## ORDER

This matter comes before the Court pursuant to Defendant's, Brian C. Weiler, Rule 29(c) Motion for Post Conviction Judgment of Acquittal, and if Denied, His Rule 33 Motion for New Trial, (Doc. 678), filed December 24, 2014, and the Government's Response in Opposition, (Doc. 696), filed January 21, 2015. For the reasons that follow, the relief the Defendant seeks is **DENIED**.

Defendant Brian C. Weiler challenges his conviction for Count I of the Superseding Indictment. (Doc. 678). Defendant alleges the Government failed to prove Defendant's guilt on the charged conspiracy through record evidence because Defendant was a licensed professional permitted to possess and dispense controlled substances. Defendant further contends that, rather than prove the charged conspiracy, the Government submitted evidence of several, distinct, and separate conspiracies that prejudiced Defendant's right to a fair trial on the charged conspiracy. Defendant contends the lack of evidence should result in complete acquittal, or, in the alternative, a new trial without the introduction of the separate, distinct conspiracies. The Government opposes Defendant's requests, and contends the record evidence amply proves Defendant's guilt in the charged conspiracy.

## 1. Rule 29 Motion for Acquittal

When considering a Rule 29 motion for acquittal, the Court must "view the evidence in the light most favorable to the government." United States v. Sellers, 871 F.2d 1019, 1020 (11th Cir. 1989) (citing Glasser v. United States, 315 U.S. 60 (1942)). The Court is required to "resolve any conflicts in the evidence in favor of the Government" and "accept all reasonable inferences that tend to support the government's case." U.S. v. Ward, 197 F.3d 1076 (11th Cir. 1999) (citing United States v. Taylor, 972 F.2d 1247, 1250 (11th Cir. 1992); United States v. Burns, 597 F.2d 939, 941 (5th Cir. 1979)). The Court must determine "whether a reasonable jury could have found the defendant guilty beyond a reasonable doubt." Id. "It is not necessary for the evidence to exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided a reasonable trier of fact could find that the evidence establishes guilt beyond a reasonable doubt." Sellers, 871 F.2d at 1021 (quoting United States v. Bell, 678 F.2d 547, 549 (5th Cir. Unit B 1982)).

Defendant first argues the evidence was insufficient to sustain a conviction for Count 1 of the Superseding Indictment. Specifically, Defendant argues he was permitted to legally perform the actions alleged in the conspiracy, and that the evidence demonstrated separate conspiracies rather than a single conspiracy. (Doc. 678). The Government contends the evidence was adequate to sustain the conviction, and that it proved at trial Defendant's guilt of facilitating the charged conspiracy. (Doc. 696).

"To determine whether a jury could reasonably have found [the] evidence established a single conspiracy beyond a reasonable doubt, [a court] must consider: (1) whether a common goal existed; (2) the nature of the underlying scheme; and (3) the

overlap of participants." United States v. Huff, 609 F.3d 1240, 1243 (11th Cir. 2010)

(quoting United States v. Richardson, 532 F.3d 1279, 1284 (11th Cir. 2008)).  Further,

the Government must prove interdependence amongst co-conspirators.  United States v.

Seher, 562 F.3d 1344, 1366 (11th Cir. 2009).  The Seher court explained:

> The existence of separate transactions does not have to imply
> separate conspiracies if the co-conspirators acted in concert
> to further a common goal.  Courts typically define the common
> goal element as broadly as possible, with "common" being
> defined as "similar" or "substantially the same."   If a
> defendant's actions facilitated the endeavors of other co-
> conspirators, or facilitated the venture as a whole, then a
> single conspiracy is shown.  Each co-conspirator does not
> have to be involved in every part of the conspiracy.

Id.  The Huff court contrasted and compared "hub-and-spoke" conspiracies with "rimless

wheel" and other forms of conspiracies:

> A "hub-and-spoke" conspiracy occurs where "a central core of
> conspirators recruits separate groups of co-conspirators to
> carry out the various functions of the illegal enterprise." "The
> core conspirators move from spoke to spoke, directing the
> functions of the conspiracy."  Where only one conspirator
> moves from spoke to spoke, however, the conspiracy is
> analogous to a "rimless wheel," with nothing connecting the
> separate spokes into a single conspiracy.  "Thus, where the
> 'spokes' of a conspiracy have no knowledge of or connection
> with any other, dealing independently with the hub
> conspirator, there is not a single conspiracy, but rather as
> many conspiracies as there are spokes."  Where "the various
> spokes are aware of each other and of their common aim,"
> however, there is a single conspiracy.

Huff, 609 F.3d at 1243–1244 (internal citations omitted).

The Court finds the Government presented sufficient evidence at trial to permit a

reasonable juror to conclude the Defendant was involved in the charged conspiracy.  The

testimony of Rets Griffith, Marco Beltran, Louis Fernandez, Jr., Louis Fernandez, III,

Kimberly Curtis, Dr. Ronald Heromin, as well as the physical evidence introduced at trial,

adequately established Defendant's guilt for Count I of the Superseding Indictment. The goals were common and the nature of the underlying scheme was similar—the co-conspirators sought to distribute Oxycodone, a controlled substance, for personal gain and profit. The overlap of participants is adequately described in Defendant's motion, and need not be recited here—the participants from the allegedly separate and distinct conspiracies sufficiently overlapped with the participants alleged in Count I of the Superseding Indictment. Also, the mere fact that Defendant possessed a license to legally distribute a controlled substance does not grant Defendant the authority to willingly dispense the controlled substance for knowingly fraudulent prescriptions. Evidence introduced at trial overwhelmingly established Defendant's actions were not those of dispensing controlled substances for legal purposes. Accordingly, the evidence presented at trial was sufficient to sustain a finding of guilt for Count I of the Superseding Indictment, and the Defendant's Rule 29 motion for new trial for Count 1 is **DENIED**.

### 2. Rule 33 Motion for New Trial

Upon a Rule 33 motion, the Court "may vacate any judgment and grant a new trial if the interest of justice so requires." Federal Rule of Criminal Procedure 33(a). The grant of a new trial is sparingly used, and only "where there would be a miscarriage of justice" and the "evidence preponderates heavily against the verdict." United States v. Indelicato, 611 F.2d 376 (1st Cir. 1979).

Defendant argues two points: 1) that a witness referenced an "internet business" that, in context, suggested illegal activity; and 2) the arguments raised in the Rule 29 arguments above. (Doc. 678). These arguments were addressed contemporaneously at trial, and have been re-alleged in the subject motion. During the trial the Court did not,

and after reviewing Defendant's motion and the Government's response still does not, find a miscarriage of justice, nor that the evidence preponderates heavily against the verdict. Therefore, Defendant's Rule 33 motion for new trial is **DENIED**.

Accordingly, it is **ORDERED** that Defendant's Rule 29 Motion for Acquittal and Rule 33 Motion for New Trial are **DENIED**.

**DONE** and **ORDERED**, in Chambers, in Tampa, Florida, this 27th day of February, 2015.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE